Hunter H. Hoestenbach (SBN: 249130)
**HOESTENBACH LAW**
550 W. B St. Fl. 4
San Diego, CA 92101-3537
Tel: 619.940.4868 / Fax: 619.330.9654
E-mail: Hunter@HoestenbachLaw.com

Attorneys for Plaintiff
Carlos A. Aguilar

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CARLOS A. AGUILAR,<br><br>        Plaintiff,<br><br>  v.<br><br>LAW OFFICES OF LERNER & WEISS, APC;<br>GRASSY SPRAIN GROUP, INC.; and DOES 1-10, Inclusive,<br><br>        Defendant. | Case# 2:20-cv-04067-AB-JPR<br><br>FIRST AMENDED COMPLAINT<br>[15 U.S.C. §§ 1692 – 1692p]<br><br>Judge:    Hon. André Birotte, Jr.<br>Ct.:       7B<br><br>Location:  U.S. Courthouse<br>            350 W. 1st St.<br>            Los Angeles, CA 90012 |

Plaintiff CARLOS A. AGUILAR, based upon information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or his attorney(s) (which are alleged on personal knowledge), files this First Amended Complaint and makes the following allegations:

**INTRODUCTION**

1. Defendants are a debt collection law firm and debt buyer who unlawfully attempted to collect a debt from Plaintiff by making deceptive threats, by

demanding payment of amounts not owed and by failing to include required disclosures in their initial written communications with Plaintiff. Consequently, Plaintiff brings this action against Defendants for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et. seq*.

## JURISDICTION

2. Subject matter jurisdiction of this Court arises under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k(d). Supplemental jurisdiction exists for the state law claims, if any, pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201, 2202.

3. This action arises out of Defendants' violations of the FDCPA, 15 U.S.C. § 1692, *et. seq*. While many of the violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## VENUE

4. Venue is this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d) in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## PARTIES

5. Plaintiff CARLOS A. AGUILAR is a citizen of the State of California and resides in Downey, Los Angeles County, CA.

6. Upon information and belief, defendant LAW OFFICES OF LERNER & WEISS, APC ("LERNER") is a corporation organized under the laws of the state of California with its principal place of business located at 21600 Oxnard St. Ste. 1130, Woodland Hills, Los Angeles County, CA 91367-7838. LERNER may be

served with process by and through its registered agent, Leonard D. Lerner, located at 21600 Oxnard St. Ste. 1130, Woodland Hills, CA 91367.

7.  Upon information and belief, defendant GRASSY SPRAIN GROUP, INC. ("GSG") is a corporation organized under the laws of the state of Florida with its principal place of business located at 1001 Yamato Rd. Ste. 308, Boca Raton, Palm Beach County, FL 33431-4403. GSG may be served with process by and through its registered agent, CSC – Lawyers Incorporating Service, located at 2710 Gateway Oaks Dr. Ste. 150N, Sacramento, CA 95833.

8.  Defendant DOE is an unknown individual or business entity engaged in the business of collecting defaulted and charged-off consumer debt in this state. The true name of Defendant DOE is unknown to Plaintiff at this time and Plaintiff therefore sues said Defendant by such fictitious name. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendant DOE was an individual, limited liability company, corporation or business entity of unknown form that has resided in, has done or is doing business in the state of California. Plaintiff will seek leave of the Court to replace the fictitious name of Defendant DOE with the true name when Plaintiff discovers it. Plaintiff is informed and believes, and thereon alleges, that Defendant DOE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6). Plaintiff is informed and believes, and thereon alleges, that Defendant DOE is vicariously liable to Plaintiff for the acts of GSG and LERNER.

9.  At all relevant times, each Defendant has committed acts, caused others to commit acts, ratified the commission of acts or permitted others to commit acts alleged herein and has made, caused, ratified or permitted others to make the untrue or misleading representations alleged herein.

10.  Each reference herein to "Defendant," "Defendants" or a specifically named Defendant refers to each of the DOE defendants sued under fictitious names.

Each reference herein to any act of "Defendant," "Defendants" or a specifically named defendant shall mean that each Defendant acted individually and jointly with the other Defendants. Unless otherwise indicated, the use of any Defendant's name herein includes all agents, employees, officers, members, directors, heirs, successors, assigns, principles, trustees, sureties, subrogees, representatives, and insurers of that Defendant.

## FACTUAL ALLEGATIONS

11. <u>December 6, 2015</u>: Plaintiff, the borrower, allegedly entered into a closed-end credit agreement with County Bank, the lender, for a total initial loan principal of $30,000.00. **(Ex. 1 ¶ 3).** County Bank, at the outset of the loan, withheld a nonrefundable Loan Origination Fee / Prepaid Finance Charge from the loan proceeds, meaning the total Amount Financed was the principal less the Loan Origination Fee / Prepaid Finance Charge. **(Ex. 1 ¶ 2).** Per the terms of the loan agreement, interest was to accrue at 15.61% on the outstanding principal balance. **(Ex. 1 ¶ 3).** As discussed further below, Defendants would eventually attempt to unlawfully collect the Loan Origination Fee / Prepaid Finance Charge a second time and unlawfully attempt to collect the contractual interest that had been waived by County Bank.

12. <u>July 14, 2017</u>: Plaintiff allegedly defaulted on the loan. On some date thereafter, County Bank charged off Plaintiff's defaulted debt and waived all right to collect contractual interest post-charge-off; that is, County Bank intended to waive accrual of contractual interest post-charge-off in exchange for the benefit of avoiding the continued cost of sending periodic statements to Plaintiff and for the benefit of being able to remove the account from its financial records and thereby receive a bad debt tax deduction.

13. <u>August 29, 2017</u>: County Bank sold Plaintiff's charged-off loan to Marketplace Loan Grantor Trust, Series 2015-CB2 with the right to collect all amounts due and owing after the transfer, amounts that did not include contractual interest since it had already been waived by County Bank.

14. <u>January 30, 2018</u>: Marketplace Loan Grantor Trust, Series 2015-CB2 sold Plaintiff's charged-off loan to GSG, subject to the terms of the prior transfer from County Bank; that is, GSG did not have a right to collect contractual interest post-charge-off.

15. <u>October 29, 2019</u>: LERNER, on behalf of GSG, mailed Plaintiff a debt collection letter. **(Ex. 2).** In that letter, as discussed in further detail below, Defendants failed to include certain required disclosures, made unlawful threats and attempted to collect amounts neither authorized by law nor by contract.

16. <u>January 31, 2020</u>: LERNER, on behalf of GSG, filed a debt collection lawsuit against Plaintiff in the Los Angeles Superior Court under Case# 20NWLC05147. In that lawsuit, as discussed in further detail below, Defendants misrepresented they had complied with California's Fair Debt Buying Practices Act ("FDBPA") before filing suit, and Defendants attempted to collect amounts neither authorized by law nor by contract.

17. <u>March 17, 2020</u>: LERNER, on behalf of GSG, mailed Plaintiff a debt collection letter threatening that LERNER, within 10 days from the date of the letter, would file a request for entry of default in the debt collection lawsuit if Plaintiff did not answer the lawsuit before that time. Defendants did not follow through with their threat. Instead, they mailed Plaintiff the same letter containing the same threat 41 days later on April 27, 2020.

18. As a result of Defendants' conduct, Plaintiff incurred attorney's fees and costs defending the state court debt collection lawsuit for which Defendants had no standing to file suit and in which Defendants pled for amounts not lawfully owed.

19. As a result of Defendants' conduct, Plaintiff has been caused to suffer anxiety and emotional distress.

## FIRST CAUSE OF ACTION:
## VIOLATION OF THE FDCPA

20. Plaintiff brings this first claim for relief against Defendants under the FDCPA, 15 U.S.C. §§ 1692, *et. seq.*

21. Plaintiff incorporates all preceding paragraphs in this Complaint as though fully set forth herein.

**A.    FDCPA Threshold Elements**

22. Plaintiff allegedly incurred an obligation to repay a loan, the proceeds of which Plaintiff used for personal, family and/or household purposes. Plaintiff is therefore allegedly obligated to pay a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

23. Plaintiff is a natural person allegedly obligated to pay a debt to GSG. Plaintiff is thus a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

24. GSG purchased Plaintiff's debt after the debt had fallen into default and after it was charged off by the original creditor. GSG thereafter hired LERNER to pursue debt collection litigation as necessary to collect the debt from Plaintiff. Defendants regularly collect or attempt to collect, directly or indirectly, debts asserted to be owed another. GSG, a high-volume debt buyer, uses the instrumentalities of interstate commerce and the mails in its business, the principal purpose of which is the collection of debts. Just on behalf of GSG alone, LERNER in the past year has attempted to collect more than a dozen consumer debts.

Defendants are thus "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

**B.     FDCPA Violations**

25.     <u>Failing to Make Required Disclosures Coupled with Unlawful Threats</u>: Defendants' October 29, 2019 debt collection letter, their first written communication with Plaintiff, failed to make disclosures required by the FDBPA (Cal. Civ. Code §§ 1788.50 – 1788.640).  GSG is a "debt buyer" per Cal. Civ. Code §§ 1788.50(a)(1), 1788.50(d).  As such, for Defendants' attempts to collect a debt to be lawful in California, Defendants would have had to comply at all times with the FDBPA.  Defendants' October 29, 2019 debt collection letter failed to include the "prominent notice" required by Cal. Civ. Code § 1788.52(d)(1), a disclosure that should have read:

> "You may request records showing the following: (1) that [Debt Buyer] has the right to seek collection of the debt; (2) the debt balance, including an explanation of any interest charges and additional fees; (3) the date of default or the date of the last payment; (4) the name of the charge-off creditor and the account number associated with the debt; (5) the name and last known address of the debtor as it appeared in the charge-off creditor's or debt buyer's records prior to the sale of the debt, as appropriate; and (6) the names of all persons or entities that have purchased the debt.  You may also request from us a copy of the contract or other document evidencing your agreement to the debt.  A request for these records may be addressed to: [Debt Buyer's active mailing and email addresses]."

Failing to provide to Plaintiff the required FDBPA disclosure was compounded by the fact that Defendants' letter also threatened to file suit and seek court costs and attorney's fees in addition to the amount of the debt. Pursuant to Cal. Civ. Code § 1788.58(a)(9), a debt buyer has no legal authority to bring suit against a debtor in California before it has fully complied with Cal. Civ. Code § 1788.52. Because Defendants had not complied with § 1788.52(d)(1) when they mailed their October 29, 2019 debt collection letter to Plaintiff, Defendants, at that time, were legally prohibited by Cal. Civ. Code § 1788.52(a)(9) from bringing suit against Plaintiff to recover the debt, attorney's fees or costs. In other words, Defendants' letter threatened to take action that they could not legally take. Thereafter, Defendants, still not having complied with the FDBPA and therefore lacking standing, unlawfully filed suit against Plaintiff on January 31, 2020. Defendants have thus violated the FDCPA with respect to section(s) –

    1692d:    engaging in conduct the natural consequence of which is to harass the debtor in connection with the collection of a debt;

    1692e:    using false, deceptive and misleading representations in connection with the collection of a debt;

    1692e(2):    falsely representing the legal status of the debt;

    1692e(5):    threatening to take an action that cannot legally be taken;

    1692e(10):    using false representations and deceptive means in an attempt to collect a debt; and

    1692f:    using unfair and unconscionable means in an attempt to collect a debt.

26. <u>Attempting to Collect Amounts Not Owed</u>: Defendants unlawfully attempted to collect more than the loan agreement terms allowed. **(Ex. 1).** More

specifically, Defendants unlawfully attempted to collect the Loan Origination Fee / Prepaid Finance Charge after the original creditor had already collected it.  On October 29, 2019, Defendants mailed Plaintiff a debt collection letter demanding repayment of the loan, stating the balance owed was $31,781.99 as of October 14, 2019.  Defendants' demand was not consistent with the terms of the loan agreement.  Per the loan agreement, the initial principal was $30,000.00, but the Loan Origination Fee / Prepaid Finance Charge was withheld from the loan proceeds and immediately paid to the loan originator on the date the loan was funded. **(Ex 1 ¶ 2).** Defendants' October 29, 2019 debt collection letter falsely and deceptively added that Loan Origination Fee / Prepaid Finance Charge for a second time back into the calculation of the outstanding balance, plus deceptively calculated accrual of interest on top of that prepaid interest.  Defendants' January 31, 2020 lawsuit against Plaintiff similarly prayed for double recovery of the Loan Origination Fee / Prepaid Finance Charge.  Defendants have thus violated the FDCPA with respect to section(s) –

  1692d: engaging in conduct the natural consequence of which is to abuse the debtor in connection with the collection of a debt;

  1692e: using false, deceptive and misleading representations in connection with the collection of a debt;

  1692e(2): falsely representing the amount of the debt;

  1692e(10): using false representations and deceptive means in an attempt to collect a debt;

  1692f: using unfair and unconscionable means in an attempt to collect a debt; and

| | | |
|---|---|---|
| | 1692f(1): | attempting to collect amounts not expressly authorized by the loan agreement or permitted by law. |

27. <u>Charging Contractual Interest After it was Waived</u>: Defendants unlawfully attempted to collect interest above the legal rate. The contractual interest having been waived by County Bank at the time of charge-off, GSG was limited by law to charging Plaintiff post-charge-off interest of no more than 5% above and beyond the Federal Reserve discount rate. **(Ex. 1 ¶ 15).** 6 Del. Code § 2301(a). Defendants' October 29, 2019 debt collection letter unlawfully assessed post-charge-off interest at the rate of 15.61%, which at all relevant times was more than 5% over the Federal Reserve discount rate. Defendants' January 31, 2020 lawsuit against Plaintiff similarly prayed for recovery of the unlawful interest amounts. Defendants have thus violated the FDCPA with respect to section(s) –

| | | |
|---|---|---|
| | 1692d: | engaging in conduct the natural consequence of which is to harass the debtor in connection with the collection of a debt; |
| | 1692e: | using false, deceptive and misleading representations in connection with the collection of a debt; |
| | 1692e(2): | falsely representing the character and amount of the debt; |
| | 1692e(10): | using false representations and deceptive means in an attempt to collect a debt; |
| | 1692f: | using unfair and unconscionable means in an attempt to collect a debt; and |
| | 1692f(1): | attempting to collect amounts not expressly authorized by the loan agreement or permitted by law. |

28. <u>Failing to Explain a Changing Balance</u>: Defendants' October 29, 2019 debt collection letter stated the balance due as of October 14, 2019 was $31,781.99.

- 10 -
FAC
Case# 2:20-cv-04067-AB-JPR

That language made clear, without explanation, that the balance would be changing and that $31,781.99 was not the correct balance on the date of the letter, October 29, 2019. The letter did not demand payment of that amount nor did it instruct Plaintiff that payment of that amount would satisfy the debt. Instead, it warned that "if we have not heard from you within thirty (30) days of your receipt of this letter, we intend to recommend to our client that suit be filed." The letter was confusing to the least sophisticated debtor in that it did not state the amount owed or explain why the balance was changing. *Chuway v. Natl. Action Financial Services, Inc.*, 362 F.3d 944, 949 (7th Cir. 2004). Defendants have thus violated the FDCPA with respect to section(s) –

  1692e: using false, deceptive and misleading representations in connection with the collection of a debt; and

  1692g(a): failing to state the amount of the debt.

29. <u>Threatening to Take Action not Intended to be Taken</u>: Defendants' March 17, 2020 debt collection letter threatened to file a request for default within 10 days from the date of the letter if Plaintiff did not answer the debt collection lawsuit before that time. Plaintiff did not answer the debt collection lawsuit or otherwise communicate with Defendants, and Defendants did not follow through with their threat. Instead, they mailed Plaintiff the same letter containing the same threat 41 days later on April 27, 2020. Defendants have thus violated the FDCPA with respect to section(s) –

  1692e(5): threatening to take action not intended to be taken.

30. Defendants' acts as described above were done knowingly and intentionally for the purpose of coercing Plaintiff to pay the debt.

31. As a result of Defendants' violations of the FDCPA, Plaintiff has been caused to suffer anxiety and emotional distress, and has been caused to suffer other

actual damages, including, without limitation, attorney's fees incurred defending Defendants' unlawful debt collection lawsuit.

32. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, actual damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays this Court:

a) Assume jurisdiction in this proceeding;

b) Declare that Defendants violated the FDCPA, including, without limitation, 15 U.S.C. §§ 1692d, e, e(2), e(5), e(10), f, f(1) and g(a);

c) Award Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to 15 U.S.C. §§ 1692k(a)(2)(A);

e) Award Plaintiff the costs of this action together with reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

f) Award Plaintiff such other and further relief deemed proper and just.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CARLOS A. AGUILAR, hereby demands a trial by jury of all triable issues of fact in the above-referenced case.

Respectfully submitted,

Date: August 28, 2020          **HOESTENBACH LAW**

By: /s/ Hunter Hoestenbach
    Hunter H. Hoestenbach (SBN: 249130)
    550 W. B St. Fl. 4
    San Diego, CA 92101-3537
    Tel: (619) 940-4868 / Fax: (619) 330-9654
    E-mail: Hunter@HoestenbachLaw.com

ATTORNEY FOR PLAINTIFF